UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:
CESAR DAVID DURO,                    Case no. 15-10054-BKC-AJC
                                     Chapter 13
_____Debtor(s)._____/

**<u>SANTANDER CONSUMER USA, INC.'S MOTION FOR RELIEF FROM STAY AND
CODEBTOR STAY AND CERTIFICATE OF SERVICE OF NOTICE OF HEARING</u>**

Santander Consumer USA Inc., (hereinafter Movant), pursuant to 11 U.S.C. 362(d)(1) and 1301(c), moves for relief from the automatic stay and codebtor stay, as follows:

1. On January 5, 2015, debtor filed for Chapter 13 of the Bankruptcy Code.

2. On July 19, 2013, debtor Cesar David Duro and non-debtor Gilberto Leon executed a Retail Installment Sale Contract pertaining to the purchase of a **2011 VOLKSWAGEN JETTA 5 CYL SEDAN 4D SE, VIN 3VWDZ7AJ4BM327716**. A copy of the contract is attached as Exhibit A. The assignment of the contract to Santander Consumer USA is located at the Bottom of Page 2 of Exhibit A.

3. Movant provided buyer with the financing to purchase the vehicle and noted its lien on the vehicle's Title. Proof of title is attached as Exhibit B.

4. Debtor Cesar David Duro and non-debtor Gilberto Leon defaulted by failing to remit the monthly payments on the account due for February 15, 2014 through March 15, 2015, in the amount of $406.65 each, plus late fees in the amount of $81.32 and other fees in the amount of $185.00.

5. The payoff balance owed on this loan account is **$18,844.09,** as of April 10, 2015, excluding attorney fees and costs. An affidavit of indebtedness is attached as Exhibit C.

6. Counsel for Movant contacted the debtor's attorney prior to the filing of the motion.

7. **The vehicle was repossessed prior to the filing of the bankruptcy on December 11, 2014.**

8. Movant has been unable to verify current insurance coverage on the vehicle.

9. A proposed order is attached as Exhibit D.

**WHEREFORE**, Movant requests an order under section 362(d)(1) and 1301(c) modifying the stay *in rem* so that Movant may complete its repossession by selling the vehicle, enforce its *in personam* rights against the non-debtor, and apply the proceeds of the sale to the debt owed to Movant, and determining that Federal Rule of Bankruptcy Procedure 4001(a)(3) is not applicable and Movant may immediately enforce and implement the stay relief order.

**I HEREBY CERTIFY** that I am admitted to the bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

**I HEREBY CERTIFY** that on April 21, 2015, copies of the foregoing motion and notice of hearing were transmitted via ECF to Nancy K. Neidich, Trustee, and Robert Sanchez, Esq., attorney for debtor, & mailed to Cesar David Duro, debtor, and Gilberto Leon, non-debtor, 5417 Sunset Avenue, Panama City Beach, FL 32408 and Gilberto Leon, non-debtor, 2750 NE 183 Street, Apt #1210, Miami, FL 33160.

        GERARD M. KOURI, JR., P.A.
        Attorney for Movant
        5311 King Arthur Avenue, Davie, FL 33331
        Tel (954) 862-1731; Fax (954) 862-1732
        By: */s/ Gerard M. Kouri, Jr.*
           GERARD M. KOURI, JR., ESQ./FBN 375969

# RETAIL INSTALLMENT CONTRACT
## SIMPLE FINANCE CHARGE

Dealer Number _____    Contract Number _____

| Buyer Name and Address | Co-Buyer Name and Address | Seller-Creditor (Name and Address) |
|---|---|---|
| GILBERTO LEON<br>837 NW 46 ST<br>MIAMI FL 33127 | CESAR D'ODRO<br>837 NW 46 ST<br>MIAMI FL 33127 | BRAMAN IMPORTS INC.<br>7000 CORAL WAY<br>MIAMI, FL 33155 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller -- Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis at the Base Rate of 18.24% per year. The Truth-in-Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Weight (lbs.) | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| USED | 2011 | VW JETTA | N/A | 3VW0Z7AJ4BM327716 | ☒ personal, family or household<br>☐ business<br>☐ agricultural   ☐ N/A |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $1000.00 |
|---|---|---|---|---|
| 18.23 % | $11681.99 | $17596.81 | $29278.80 | $30278.80 |

### Your Payment Schedule Will Be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | 406.65 | Monthly beginning 09/02/2013 |

Or As Follows: N/A

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of 1% of each installment.
**Prepayment.** If you pay off all your debt early, you may have to pay a penalty.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, prepayment penalties, any required repayment in full before the scheduled date and security interest.

### ITEMIZATION OF AMOUNT FINANCED
1. Cash Price (including $ 985.96 sales tax) ............ $ 17485.21 (1)
2. Total Downpayment =
   Trade-in 2000 MITSUBI DIAMANT
   Trade-in 6MMAP67P1YT004029 (VIN)
   Gross Trade-in Allowance .......... $ 1000.00
   Less Pay Off Made By Seller ........ $ N/A
   Equals Net Trade In ............... $ 1000.00
   + Cash ............................ $ N/A
   + Other N/A ...................... $ N/A
   (If total downpayment is negative, enter "0" and see 4J below) $ 1000.00 (2)
3. Unpaid Balance of Cash Price (1 minus 2) .......... $ 16485.21 (3)
4. Other Charges Including Amounts Paid to Others on Your Behalf (Seller may keep part of these amounts):
   A. Cost of Optional Credit Insurance Paid to Insurance Company or Companies
      Life ............................ $ N/A
      Disability ...................... $ N/A
   B. Vendor's Single Interest Insurance Paid to Insurance Company ... $ N/A
   C. Other Optional Insurance Paid to Insurance Company or Companies ... $ N/A
   D. Optional Gap Contract  HONDA CARE GAP ... $ 750.00
   E. Official Fees Paid to Government Agencies ... $ N/A
   F. Government Documentary Stamp Taxes ... $ 61.60
   G. Government Taxes Not Included in Cash Price ... $ N/A
   H. Government License and/or Registration Fees ... $ 300.00
   I. Government Certificate of Title Fees ... $ N/A
   J. Other Charges (Seller must identify who is paid and describe purpose)
      to N/A for Prior Credit or Lease Balance ... $ N/A
      to N/A for N/A ... $ N/A
      (multiple N/A lines)
   Total Other Charges and Amounts Paid to Others on Your Behalf ... $ 1111.60 (4)
5. Loan Processing Fee Paid to Seller (Payroll Finance Charge) ... $ N/A (5)
6. Amount Financed (3 plus 4) ... $ 17596.81 (6)

### Optional Credit Insurance (right column)
Credit Life: N/A
Credit Disability (Buyer Only): N/A
Premium: Credit Life $ N/A, Credit Disability $ N/A
Insurance Company Name: N/A
Home Office Address: N/A

### Other Optional Insurance
Type of Insurance: N/A
(multiple N/A entries)

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 6, is paid in full on or before ___ N/A ___, Year ___ N/A ___ SELLER'S INITIALS N/A

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term 72    Name of Gap Contract: HONDA CARE GAP
I want to buy a gap contract.
Buyer Signs X _____

☐ **VENDOR'S SINGLE INTEREST INSURANCE (VSI Insurance):** If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. You may choose the insurance company through which the VSI insurance is obtained. If you elect to purchase VSI insurance through the Creditor, the cost of this insurance is $ N/A and is also shown in Item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.
You authorize us to purchase Vendor's or Lender's Single Interest Insurance.

Buyer Signs X N/A    Co-Buyer Signs X N/A    Date N/A

**Returned Check Charge:** If any check or order of payment you give us is dishonored, you will pay a charge if we make demand that you do so. The charge will be $25 if the check amount is $50 or less; $35 if the check is over $50 but not more than $300; $40 if the check amount is over $300, or such amount as permitted by law.

Florida documentary stamp tax required by law in the amount of $ 61.60 has been paid or will be paid directly to the Department of Revenue. Certificate of Registration No. _____

**SELLER'S RIGHT TO CANCEL** - If Buyer and Co-buyer sign here, the provisions of the Seller's Right to Cancel section on the back, which gives the Seller a right to cancel within 30 days, will apply.
Buyer Signs X _____    Co-Buyer Signs _____

**NO COOLING OFF PERIOD**
State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.  Buyer Signs X _____  Co-Buyer Signs _____
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
See back for other important agreements.

**NOTICE TO THE BUYER:** a) Do not sign this contract before you read it or if it contains any blank spaces. b) You are entitled to an exact copy of the contract you sign. Keep it to protect your legal rights.

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs X _____  Date 07/19/13    Co-Buyer Signs X _____  Date 07/19/13
Co-Buyers and Other Owners - A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person who's name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.
Other owner signs here X N/A    Address N/A

Seller signs  BRAMAN IMPORTS INC.    Date 07/19/13  By X _____  Title N/A

Seller assigns its interest in this contract to  SANTANDER CONSUMER USA  (Assignee) under the terms of Seller's agreement(s) with Assignee.
☐ Assigned with recourse   ☒ Assigned without recourse   ☐ Assigned with limited recourse
BRAMAN IMPORTS INC.    By _____    Title _____

---

Exhibit A

OTHER IMPORTANT AGREEMENTS

1. **FINANCE CHARGE AND PAYMENTS**
   a. How we will figure Finance Charge. We will treat any Prepaid Finance Charge as fully earned on the date of this contract. We will figure the rest of the finance charge on a daily basis at the Base Rate on the unpaid part of your Principal Balance. Your Principal Balance is the sum of the Amount Financed and the Prepaid Finance Charge, if any.
   b. How we will apply payments. We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of your Principal Balance and to other amounts you owe under this contract in any order we choose.
   c. How late payments or early payments change what you must pay. We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.
   d. You may prepay. You may prepay all or part of your Principal Balance at any time. If the contract is paid in full within six months after the date you sign it, we may impose an acquisition charge, not exceeding $75, for services performed on your behalf for processing this contract. If you prepay, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.
   e. You may ask for a payment extension. You may ask us for a deferral of the scheduled due date of all or any part of a payment (extension). If we agree to your request, we may charge you a $15 extension fee. You must maintain the physical damage insurance required by this contract (see below) during any extension. If you do not have this insurance, we may buy it and charge you for it as this contract says. You may extend the term of any optional insurance you bought with this contract to cover the extension if the insurance company or your insurance contract permits it, and you pay the charge for extending this insurance.
   If you get a payment extension, you will pay additional finance charges at the Base Rate on the amount extended during the extension. You will also pay any additional insurance charges resulting from the extension, and the $15 extension fee if we charge you this fee.

2. **YOUR OTHER PROMISES TO US**
   a. If the vehicle is damaged, destroyed, or missing. You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.
   b. Using the vehicle. You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.
   c. Security Interest.
      You give us a security interest in:
      - The vehicle and all parts or goods put on it;
      - All money or goods received (proceeds) for the vehicle;
      - All insurance, maintenance, service, or other contracts we finance for you; and
      - All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.
      This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle.
   d. Insurance you must have on the vehicle.
      You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium of the insurance and a finance charge at the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.
   e. What happens to returned insurance, maintenance, service, or other contract charges. If we obtain a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**
   a. You may owe late charges. You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.

   b. If you pay late, we may also take the steps described below.
   b. You may have to pay all you owe at once. If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
      - You do not pay any payment on time;
      - You give false, incomplete, or misleading information on a credit application;
      - You start a proceeding in bankruptcy or one is started against you or your property; or
      - You break any agreements in this contract.
      The amount you will owe will be the unpaid part of your Principal Balance plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.
   c. You may have to pay collection costs. If we hire an attorney to collect what you owe, you will pay the attorney's fee and court costs as the law allows. This includes any attorneys' fees we incur as a result of any bankruptcy proceeding brought by or against you under federal law.
   d. We may take the vehicle from you. If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.
   e. How you can get the vehicle back if we take it. If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.
   f. We will sell the vehicle if you do not get it back. If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
      We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.
   g. What we may do about optional insurance, maintenance, service, or other contracts. This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **WARRANTIES SELLER DISCLAIMS**
   Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
   This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

5. Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
   Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

6. Optional Service Contracts.
   You are not required to buy a service contract to obtain credit. Your choice of service contract providers for any service contracts you buy will not affect our decision to sell or extend credit to you.

7. Rejection or Revocation.
   If you are permitted under Florida's Uniform Commercial Code to reject or revoke acceptance of the vehicle and you claim a security interest in the vehicle because of this, you must either: (a) post a bond in the amount of the disputed balance; or (b) deposit all installment payments as they become due into the registry of a court of competent jurisdiction.

8. Servicing and Collection Contacts.
   You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

9. Applicable Law
   Federal law and the law of the state of our address shown on the front of this contract apply to this contract.

**Seller's Right to Cancel**
a. Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you. You understand that it may take a few days for Seller to verify your credit, locate financing for you on the exact terms shown on the front of this contract, and assign this contract to a financial institution. You agree that Seller has the number of days stated on the front of this contract to assign this contract. You agree that if Seller is unable to assign this contract within this time period to any one of the financial institutions with whom Seller regularly does business under an assignment acceptable to Seller, Seller may cancel this contract.
b. If Seller elects to cancel per Paragraph a above, Seller will give you written notice (or in any other manner in which actual notice is given to you). In that event, you may have the option of negotiating and signing a new contract with different financing terms (for example, a larger down payment, a higher annual percentage rate, a required cosigner, etc.) or you may pay with alternate funds arranged by you.
c. Upon receipt of such notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. Seller must give you back all consideration Seller has received in accordance with the terms of the Retail Purchase Agreement or Buyers Order.
d. If you do not immediately return the vehicle, Seller may use any legal means to take it back (including repossession) and you will be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees.
e. While the vehicle is in your possession, all terms of this contract, including those relating to use of the vehicle and insurance for the vehicle, are in full force and you assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage done to the vehicle while the vehicle is in your possession.
f. The terms of this Seller's right to cancel survive Seller's cancellation of this contract.

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

The preceding NOTICE applies only if the "personal, family or household" box in the "Primary Use for Which Purchased" section of this contract is checked. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

Form No. 553-FL-5CB

**STATE OF FLORIDA — LIEN SATISFACTION**

Mail Lien Satisfaction to: Dept of Highway Safety and Motor Vehicles, Neil Kirkman Building, Tallahassee, FL 32399-0500

| Identification Number | Year | Make | Body | WT-L-BHP | Vessel Regis No | Title Number |
|---|---|---|---|---|---|---|
| 3VWDZ7AJ4BM327716 | 2011 | VOLK | 4D | 2835 | | 109031955 |

Date of Issue 10/11/2013

Registered Owner
GILBERTO LEON OR
CESAR DAVID DURO
6961 CARLYLE AVE APT 8
MIAMI BEACH FL 33141-3151

Mail To:
07/19/2013
SANTANDER CONSUMER USA
2501 RUFE SNOW DR
N RICHLAND HILLS TX 76180

**Lien Release**
Interest in the described vehicle is hereby released
By_____
Title_____
Date_____

**IMPORTANT INFORMATION**
1. When ownership of the vehicle described herein is transferred, the seller MUST complete in full the Transfer of Title by Seller section at the bottom of the certificate of title
2. Upon sale of this vehicle, the seller must complete the notice of sale on the reverse side of this form
3. Remove your license plate from the vehicle.
4. See the web address below for more information and the appropriate forms required for the purchaser to title and register the vehicle, mobile home or vessel: http://www.hsmv.state.fl.us/html/titlinf.html

---

# CERTIFICATE OF TITLE

| Identification Number | Year | Make | Body | WT-L-BHP | Vessel Regis No | Title Number |
|---|---|---|---|---|---|---|
| 3VWDZ7AJ4BM327716 | 2011 | VOLK | 4D | 2835 | | 109031955 |

| Prev State | Color | Primary Brand | Secondary Brand | No of Brands | Use | Prev Issue Date |
|---|---|---|---|---|---|---|
| FL | WHI | | | | PRIVATE | |

| Odometer Status or Vessel Manufacturer or OH use | Hull Material | Prop | Date of Issue |
|---|---|---|---|
| 42542 MILES 07/19/2013 ACTUAL | | | 10/11/2013 |

Registered Owner
GILBERTO LEON OR
CESAR DAVID DURO
6961 CARLYLE AVE APT 8
MIAMI BEACH FL 33141-3151

1st Lienholder
07/19/2013
SANTANDER CONSUMER USA
PO BOX 961288
FORT WORTH TX 76161-0288

**Lien Release**
Interest in the described vehicle is hereby released
By_____
Title_____
Date_____

DIVISION OF MOTORIST SERVICES — TALLAHASSEE — FLORIDA — DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES

Clayton B. Walden — Control Number
Clayton Boyd Walden
Director

Julie Jones
Julie L Jones
Executive Director

---

**TRANSFER OF TITLE BY SELLER** (This section must be completed at the time of sale.)

Federal and/or state law require that the seller state the mileage, purchaser's name, selling price and date sold in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.
This title is warranted to be free from any liens except as noted on the face of the certificate and the motor vehicle or vessel described is hereby transferred to

Seller Must Enter Purchaser's Name _____ Address _____
Seller Must Enter Selling Price _____ Seller Must Enter Date Sold _____
I/We state that this ☐ 5 or ☐ 6 digit odometer now reads |_||_||_|,|_||_||_| X (no tenths) miles, date read _____ and I hereby certify that to the best of my knowledge the odometer reading
☐ 1. reflects ACTUAL MILEAGE. ☐ 2. is IN EXCESS OF ITS MECHANICAL LIMITS. ☐ 3. is NOT THE ACTUAL MILEAGE.
UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

SELLER Must Sign Here _____ CO-SELLER Must Sign Here _____
Print Here _____ Print Here _____
Selling Dealer's License Number _____ Tax No _____ Tax Collected _____
Auction Name _____ License Number _____
PURCHASER Must Sign Here _____ CO-PURCHASER Must Sign Here _____
Print Here _____ Print Here _____

NOTICE: PENALTY IS REQUIRED BY LAW IF NOT SUBMITTED FOR TRANSFER WITHIN 30 DAYS AFTER DATE OF PURCHASE

HSMV 82250 (REV. 10/12) — STATE OF FLORIDA

VOID IF ALTERED

Exhibit B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| In re: | Case No. 15-10054 |
|---|---|
| Cesar David Duro, | |
| Debtor(s) | Chapter 13 |

**AFFIDAVIT OF INDEBTEDNESS IN SUPPORT OF SANTANDER CONSUMER USA INC.'S MOTION FOR RELIEF FROM STAY**

Before me, the undersigned authority, personally appeared Marianne Favors, who, being duly sworn, deposes and says:

1. I am Marianne Favors. I am employed as a Bankruptcy Specialist by Santander Consumer USA Inc. ("Creditor").

2. This affidavit is based upon Creditor's loan payment records as of April 10, 2015. These records are regularly maintained in the course of business of Creditor and it is the regular practice of Creditor to make and maintain these records. These records reflect loan payments that are noted in the records at the time of receipt by persons whose regular duties include recording this information. I maintain these records for Creditor and regularly use and rely upon them in the performance of my duties.

3. Debtor maintains a loan, account number XXXX4706, with Creditor. Creditor holds a security interest in the following property:

    **2011 VOLKSWAG JETTA-5 CYL., VIN 3VWDZ7AJ4BM327716**

4. The payments on this loan account, due for February 15, 2014 through March 15, 2015 in the amount of $406.65 each, late fees in the amount of $81.32 and other fees in the amount of $185.00 have not been received by Creditor.

1


Exhibit C

5. The payoff balance owed on this loan account is $18,844.09, as of April 10, 2015, excluding attorney fees and costs.

6. Creditor does not have current verifiable proof of collision and comprehensive insurance covering the vehicle.

7. The contract and proof of title attached to this motion as exhibits are true and accurate copies of the original documents.

8. This concludes my affidavit.

*Marianne Favors*
Marianne Favors

**SWORN TO AND SUBSCRIBED TO** before me under penalty of perjury as being true and correct based on the personal knowledge of Creditor's books and business records this 14th day of April, 2015, by Marianne Favors, who is personally known to me.

NOTARY PUBLIC:

Sign: *Michelle Riggins*

Print: Michelle Riggins

State of Texas at Large

My Commission Expires: 11/22/15



MICHELLE BREANNA RIGGINS
Notary Public, State of Texas
My Commission Expires
November 22, 2015

2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:
CESAR DAVID DURO,                Case no. 15-10054-BKC-AJC
                                 Chapter 13
        Debtor(s).       /

## ORDER GRANTING SANTANDER CONSUMER USA INC. RELIEF FROM STAY AND CODEBTOR STAY

**THIS CAUSE** came before the Court on xxx, 2015 at xxx p.m., on Santander Consumer USA Inc.'s Motion for Relief from Stay and Codebtor Stay. Upon consideration of the motion and the record, it is

**ORDERED** that:

1. The Motion for Relief from Stay filed by Santander Consumer USA Inc. ("Movant") is GRANTED and the stay imposed pursuant to 11 U.S.C. Section 362 is modified so as to allow Movant to complete its repossession of the **2011 VOLKSWAGEN JETTA 5 CYL SEDAN 4D SE, VIN 3VWDZ7AJ4BM327716** by selling the vehicle and applying the proceeds of



the sale of the vehicle to the amount owed to Movant.

2. The stay is modified for the purpose of allowing Movant to sell the vehicle and to apply the proceeds of the sale to the indebtedness owed to Movant or to proceed in a Court of competent jurisdiction for the sole purpose of seeking *in rem* remedies. Movant shall not seek nor obtain any *in personam* judgment against the debtor.

3. The codebtor stay imposed pursuant to 11 U.S.C. Section 1301 as it relates to Gilberto Leon is hereby terminated and Movant may enforce its *in personam* rights against Gilberto Leon.

4. Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is not applicable and Movant may immediately enforce and implement this order granting relief from the automatic stay.

###

Copies furnished via ECF to:

Gerard M. Kouri, Jr., Esq., counsel for Movant
Nancy K. Neidich, Trustee
Robert Sanchez, Esq., attorney for debtor

Attorney Kouri is directed to mail a conformed copy of this Order to Cesar David Duro, debtor, and Gilberto Leon, non-debtor, immediately upon receipt of this Order and shall file a certificate of service with the Clerk of the Court.